## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| E.I. DU PONT DE NEMOURS AND COMPANY, | ) ) ) ) | |
| Plaintiff, | ) ) | C. A. No. _____ |
| v. | ) ) | **JURY TRIAL DEMANDED** |
| INTERPLAST INC. | ) ) | |
| Defendant. | ) | |

## COMPLAINT

Plaintiff, E.I. du Pont de Nemours and Company ("DuPont"), for its

Complaint against defendant Interplast, Inc. alleges as follows:

### Nature of Action

1.      This is an action for trademark infringement, trademark

counterfeiting, unfair competition, trademark dilution and other related causes of action

under federal, state and common law arising from the unauthorized use by defendant of

DuPont's famous TEFLON® Mark.

### The Parties

2.      DuPont is a Delaware corporation with a principal place of

business at 1007 Market Street, Wilmington, Delaware.

3.      DuPont is a science company engaged in the development,

manufacture, sale and distribution of a wide variety of products and ingredients in the

United States and throughout the world.

4.      Upon information and belief, defendant Interplast, Inc. is a New Jersey corporation with a principal place of business at One Hundred Connecticut Drive, Burlington, New Jersey 08016.

5.      Upon information and belief, defendant is engaged in the manufacture and/or sale of various fluoropolymer products in the United States including this district.

## Jurisdiction and Venue

6.      Jurisdiction of this Court is based on 28 U.S.C. §1338(a) and (b) (Acts of Congress relating to trademarks and related actions), Sections 39 and 43(a) and (c) of the United States Trademark Act of 1946 ("Lanham Act"), as amended (15 U.S.C. §1121 and 1125(a)(c)), and 28 U.S.C. §1367 (Supplemental Jurisdiction), as well as the principles of pendent jurisdiction. The amount in question exceeds $75,000.

7.      Venue is proper in this district under 28 U.S.C. §1391(b) and (c).

## DuPont's Use and Ownership of the TEFLON® Mark

8.      In the late 1930's, DuPont discovered a method to polymerize tetrafluoroethylene to form a fluoropolymer compound known as polytetrafluoroethylene ("PTFE"). PTFE is both slippery and chemically inert making it ideal for use in a wide variety of different products.

9.      In approximately 1944, DuPont adopted and began to use the fanciful trademark TEFLON® for its PTFE products and began to sell TEFLON® brand PTFE directly to manufacturers and others for use in a wide variety of products.

10.     Under appropriate circumstances, and in conjunction with a license agreement, DuPont has permitted purchasers of its fluoropolymer products to market their products using the TEFLON® Mark. At the current time, DuPont only licenses a

2

select group of those customers to use the TEFLON® Mark, as the DuPont PTFE resin is sold unbranded to maintain quality control and for brand protection as well as to guarantee original source of supply and product performance.

11.    DuPont TEFLON® fluoropolymer products have been a tremendous commercial success. Since 1944, DuPont has generated hundreds of millions of dollars in revenue from the sale of TEFLON® products and the licensing of the TEFLON® Mark.

12.    DuPont and its related companies have spent millions of dollars in the advertising and promotion of the TEFLON® Mark and the products sold under the TEFLON® Mark.

13.    As a result of the quality of the DuPont TEFLON® fluoropolymer products and the extensive sales, licensing and marketing, advertising and promotion of these products under the TEFLON® Mark by DuPont and its related companies, the TEFLON® Mark has become a famous trademark that is widely and favorably known by consumers in the United States and elsewhere as designating high quality and dependable products originating exclusively from DuPont and its related companies.

14.    The TEFLON® Mark has been famous in the United States and elsewhere since long prior to the acts complained of herein.

15.    DuPont is the exclusive owner of a number of United States Trademark Registrations for the TEFLON® Mark for a variety of products and ingredients dating back to 1946. These registrations include: a) Reg. No. 418,698 for the mark TEFLON® for "synthetic resinous fluorine-containing polymers in the form of molding and extruding compositions, fabricated shapes - namely, sheets, tubes, tape and

3

filaments, and emulsions"; b) Reg. No. 559,331 for TEFLON® for

"polytetrafluoroethylene coatings in the nature of paints and varnishes"; c) Reg. No.

623,605 for TEFLON® for "fibers and filaments in the nature of threads and yarns

adapted to be used in making fabrics"; d) Reg. No. 676,166 for TEFLON® for "films or

sheets made from polymers of fluorinated hydrocarbons for use in packaging

applications, in electrical and non-electrical insulation, as protective liners for containers

and equipment, in tapes, in machinery parts, in covering, coating, and packing

substances, in hose and piping, and for general use in the industrial arts"; e) Reg. No.

827,105 for TEFLON® for "coatings in the nature of paint, based on fluorine-containing

resins"; f) Reg. No. 835,374 for TEFLON–S® for "stratified non-stick and self-

lubricating finishes for use as industrial and consumer product coatings for bearings, idler

rolls, ceramic resistors, hand saws, lawn and garden tools, and the like"; g) Reg. No.

1,111,147 for TEFLON® for "chemical compound in the nature of a textile finish with

oil, water, and stain repellant characteristics"; and h) Reg. No. 1,592,650 for TEFLON®

for "fluorine-containing polymers in resin and dispersion form for use as additives in

inks, plastics, lubricants, coating, and other host materials where attributes such as

lubricity, friction reduction, nonstick, and temperature and chemical resistance are

desired".

16.     All of the above-identified registrations remain in full force and

effect and are *prima facie* proof of DuPont's exclusive rights to own and use the

TEFLON® Mark.  In addition, all of the above registrations are incontestable pursuant to

Section 15 of the Lanham Act (15 U.S.C. 1065).

### Misuse By Defendant of the TEFLON® Mark

17.    DuPont has never licensed or authorized defendant to use the TEFLON® Mark or otherwise consented to any use by defendant of the TEFLON® Mark.

18.    Upon information and belief, the fluoropolymer products manufactured and sold by defendant do not contain genuine DuPont TEFLON® fluoropolymer originating from DuPont or its related companies.

19.    Upon information and belief, notwithstanding the lack of any authorization from DuPont and the fact that its products do not contain genuine DuPont TEFLON® fluoropolymer, defendant has made repeated unauthorized use of the TEFLON® Mark in connection with its own products, as described below, with the intent to mislead and confuse consumers into believing that its products contain genuine TEFLON® fluoropolymer or are otherwise licensed by or related to DuPont and with the intent of misappropriating, for its own benefit, the tremendous goodwill built up by DuPont in the TEFLON® Mark.

20.    In particular, defendant has improperly used the TEFLON® Mark in its advertising and promotional materials for its products as well as on its Internet website at *www.interplastinc.com* in connection with the products it sells or offers for sale and has otherwise falsely stated or implied that its products contain genuine TEFLON® fluoropolymer without the license or consent of DuPont.

21.    Upon information and belief, defendant also has used the TEFLON® Mark and variations thereon as "keyword" or "content" metatags in connection with its website at *www.interplastinc.com* in an attempt to mislead the public

and to attract and misdirect potential consumers using internet search engines searching the internet for genuine TEFLON® products to defendant's site.

22.     Upon information and belief, defendant has paid or requested various internet search engines to display links to the defendant's website at *www.interplastinc.com* when potential consumers using those search engines search for terms containing variations of the TEFLON® mark, in an attempt to mislead the public and to attract and misdirect potential consumers using internet search engines searching the internet for genuine TEFLON® products to defendant's site.

23.     Upon information and belief, the aforementioned misuse of the TEFLON Mark by defendant was done by defendant with the intent of deceiving or misleading customers into mistakenly believing that their product contained genuine TEFLON® product originating from DuPont or its related companies and otherwise misappropriating the goodwill built up by DuPont in the TEFLON® mark and otherwise attracting and misdirecting consumers looking for genuine TEFLON® brand goods to defendant's website.

24.     The misuse of the TEFLON® mark by defendant was intended to cause, has caused and is likely to continue to cause consumer confusion, mistake or deception including the misleading of consumers into mistakenly believing that the defendant's products contain genuine DuPont TEFLON® product or DuPont has licensed or permitted the use by defendant of the TEFLON® trademark.

25.     The aforementioned misuse of the TEFLON® mark by defendant is damaging to the reputation and goodwill of the DuPont TEFLON® mark and the DuPont TEFLON® mark.

26.    Upon information and belief, the aforesaid acts of defendant have caused and, unless enjoined will continue to cause irreparable damage to DuPont and to the reputation of its valuable TEFLON® Brand.

27.    DuPont has no adequate remedy at law.

## COUNT I

### Trademark Infringement Under
### The United States Trademark
### Act (15 U.S.C. 1114 (1))

28.    DuPont repeats the allegations set forth in Paragraphs 1 through 28.

29.    The complained of acts constitute willful, deliberate and intentional infringement of plaintiff's federally registered trademarks for the TEFLON® Mark in violation of §32(1) of the Lanham Act (15 U.S.C. §1114(1)).

## COUNT II

### Trademark Counterfeiting Under
### The United States Trademark
### Act (15 U.S.C. 1114(1))

30.    DuPont repeats the allegations set forth in Paragraphs 1 through 30.

31.    The complained of acts constitute trademark counterfeiting in violation of Section 32(1) of the Lanham Act (15 U.S.C. §1114(1)).

## COUNT III

### False Designation Of Origin And
### Unfair Competition Under The United States
### Trademark Act (15 U.S.C. 1125(a))

32.    DuPont repeats the allegations set forth in paragraphs 1 through 32.

33.    The complained of acts constitute willful, deliberate and intentional false designations of origin as to products made available by defendant and unfair competition in violation of §43(a) of the Lanham Act (15 U.S.C. §1125(a)).

## COUNT IV

### False Descriptions Of Fact And Representations And False Advertising Under The United States Trademark Act (15 U.S.C. 1125(a))

34.    DuPont repeats the allegations set forth in paragraphs 1 through 34.

35.    The complained of acts constitute willful, deliberate and intentional false or misleading descriptions of fact, false misleading representations of fact and false advertising in violation of §43(a) of the Lanham Act (15 U.S.C. §1125(a)).

## COUNT V

### Trademark Dilution Under The United States Trademark Act (15 U.S.C. 1125(c))

36.    DuPont repeats the allegations set forth in paragraphs 1 through 36.

37.    The complained of acts have diluted, blurred and tarnished the distinctive quality of DuPont's famous TEFLON® Mark and constitute trademark dilution of a famous mark in violation of §43(c) of the Lanham Act (15 U.S.C. §1125(c)).

## COUNT VI

### Delaware Statutory Law Violation (6 Del. C. §2531 et seq.)

38.    DuPont restates the allegations in paragraphs 1 through 38 as if fully set forth herein.

8

39.    The complained of acts constitute deceptive trade practices and unfair competition in the conduct of its business, trade, or commerce in Delaware in violation of 6 Del. C. §2531 *et seq.*

## COUNT VII

### Common Law Trademark Infringement And Unfair Competition

40.    DuPont restates the allegations in Paragraphs 1 through 40 as if fully set forth herein.

41.    The complained of acts constitute trademark infringement, palming off, and unfair competition in violation of the common law of the State of Delaware.

WHEREFORE, plaintiff E.I. du Pont de Nemours and Company prays for judgment as follows:

1.    That judgment be entered in favor of plaintiff on all causes of action set forth herein including finding defendant to have infringed, counterfeited and diluted plaintiff's exclusive rights in the TEFLON® Mark and to have otherwise committed acts of false advertising and unfair competition in violation of federal, state and common law;

2.    That in accordance with Section 35 of the Lanham Act (15 U.S.C. §1117), plaintiff be awarded monetary damages sufficient to recover: 1) defendant's profits; 2) all damage suffered by plaintiff; and 3) the costs of this action and that said amount be trebled to the extent permitted by statute. In addition, plaintiff reserves the right to elect statutory damages up to and including $1,000,000 per counterfeit mark pursuant to 15 U.S.C. 1117(c).

3.    That defendant, its officers, directors, principals, agents, servants, affiliates, employees, attorneys, representatives, successors and assigns, and all those in

privity or acting in concert or participation with defendant, and each and all of them, be preliminarily and permanently enjoined and restricted from directly or indirectly ;

(a)    claiming or representing that any products sold by defendant contains genuine TEFLON® fluoropolymer products.

(b)    Using, in any manner, or holding itself out as having rights to use, the TEFLON® mark or any other name, mark or design confusingly similar to plaintiff's TEFLON® mark to designate, describe or refer to themselves or in conjunction with any product or service, including any use as a metatag or similar usage in conjunction with any Internet activities conducted by it or on its behalf.

(c)    Requesting or inducing Internet search engines to display links to the defendant's website or other websites displaying or promoting defendant's products when potential consumers using those search engines search for terms containing variations of the TEFLON® mark.

(d)    Selling, offering for sale, promoting, advertising, distributing or providing or offering to provide any goods or services in conjunction with the TEFLON® mark or any other name, mark or design confusingly similar to the TEFLON® mark in conjunction with any product.

4.    That defendant be required to deliver to plaintiff all merchandise, packaging, labels, boxes, cartons, advertising, brochures, plates, molds, documents, advertising and promotional materials and other things, possessed, used or distributed by defendant, or on its behalf, which refer to the TEFLON® mark or any other name, mark or design confusingly similar to the TEFLON® mark;

5.    That plaintiff be awarded the costs of this action and its disbursements, and reasonable attorney's and investigatory fees incurred and as otherwise appropriate herein pursuant to 15 U.S.C. §1117; and

6.    That plaintiff be granted such other monetary, equitable and further relief, as this Court may deem appropriate under federal state and common law.

## DEMAND FOR JURY TRIAL

DuPont hereby demands a jury trial on all issues.

POTTER ANDERSON & CORROON LLP

OF COUNSEL:

By: _____

Dickerson M. Downing
Maren C. Perry
Alexandra McTague
MORGAN & FINNEGAN, LLP
3 World Financial Center
New York, NY 10281
(212) 415-8700

Richard L. Horwitz (#2246)
David E. Moore (#3983)
Hercules Plaza, 6th Floor
1313 North Market Street
Wilmington, DE 19801
(302) 984-6000
rhorwitz@potteranderson.com
dmoore@potteranderson.com

Dated:  August 11, 2005

*Attorney for Plaintiff*
*E.I. du Pont de Nemours and Company*

692924